TEXAS TRUNK R'Y CO. v. A. G. PANNILL, JR.

(No. 3901.)

APPEAL from Kaufman County. Opinion by DAVID-
SON, J.

F. M. ETHERIDGE, counsel for appellant.

J. D. CUNNINGHAM, counsel for appellee.

§ **273.** *Carrier; contract of; evidence held insufficient
to establish.* Appellee filed this suit against appellant in
the county court of Kaufman county to recover $500
damages, alleging that appellant promised to furnish
him cars on June 14, 1890, in which to ship his cattle;
and that appellant contracted and agreed to deliver ap-
pellee's cattle in East St. Louis on the 17th of June,
within marketable hours; and that appellant committed
a breach of its contract, whereby appellee was damaged
by a decline in the market prices. The above is a state-
ment agreed to by appellee in his brief as being correct.
The appellee made the contract sued on with Dellis, the
agent of appellant, on June 10th or 11th, in the evening.
The appellee testified, as to the contract, that it occurred
at the depot. "No one was present except Mr. Dellis
and myself. When I first saw him I was in a buggy.
I asked him to order some cars. I told him what kind
I wanted, and how many I wanted. I ordered six, with
the privilege of eight. He said he would have the cars
here by 1 o'clock Saturday, June 14th. We were to com-
mence loading at 1 o'clock, and the cars were to be here
at 12. I told him I wanted stable cars. He said he
would have them here if he could get them. He said he
would have some kind here on Saturday, June 14th.
He never contracted to deliver cattle in St. Louis on the
17th. He told me they would be ready to commence
loading at 1, and to be sure to be on time." The agent,
Dellis, told appellee that he would try to have the cars

by Saturday at 1 o'clock. He stated, while testifying, that ",there was no contract to have them here at a specified time. I ordered the cars for Saturday, June 14th. I never contracted with plaintiff to have the cars in East St. Louis within the market hours June 17th. I don't remember that anything was said about getting the cattle in St. Louis within marketable hours on the 17th. I never contracted to get them anywhere. I said I would order the cars and try to have them here by Saturday, June 14th, at 1 o'clock. I have no authority to contract for shipping live-stock except in writing. I can't agree to have live-stock delivered at any particular time. I didn't cause the shrinkage of the cattle." The above quotations contain substantially the evidence bearing on the alleged breach of contract sued on. To our minds, they utterly fail to support the verdict and judgment. They disprove the allegation that the appellant agreed to have the cattle in East St. Louis on the 17th of June, and conclusively prove that no such contract was ever entered into between the parties. The appellee's testimony given by himself manifests clearly that no contract was made by him with appellant by which his cattle were to be placed in East St. Louis within marketable hours on June 17th. No unreasonable delay, and in fact no delay, in delivering the cattle was shown, because the testimony discloses beyond contradiction that the cattle were delivered in East St. Louis to appellee's agent before the market hour for the sale of cattle on the 17th of June had closed. Appellant, in so far as the record discloses, in all things complied with the contract, and is not responsible to appellee in damages for the alleged breach of such contract. The judgment, being against the evidence, is reversed and cause remanded for another trial.

December 16, 1891.     Reversed and remanded.